## THE EASTON.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 107.

COLLISION ☞82(2)—STEAM VESSELS CROSSING—FOG—VIOLATION OF RULES.

The admitted failure of a steam lighter, navigating in a fog, to stop on hearing fog signals from an unseen vessel nearly ahead, as required by article 16 of the Inland Rules (Act June 7, 1897, c. 4, § 1, 30 Stat. 99 [Comp. St. 1913, § 7889]), *held* to cast upon her the burden of showing that the fault did not cause a collision with a crossing vessel, which burden was not sustained, and to sustain a decree finding her solely in fault for the collision.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 170, 172–174.]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty for collision by Edward M. Timmins, owner of the tug Mutual, against the steam lighter Easton; the Central Railroad Company of New Jersey, claimant. Decree for libelant, and claimant appeals. Affirmed.

Macklin, Brown & Purdy, of New York City (William F. Purdy, of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (Chauncey I. Clark, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. This action is for collision between libelant's tug Mutual, and claimant's steam lighter. The accident occurred in weather hazy at least, and asserted by claimant to have been very foggy. The court below believed the story of libelant, and held the Easton solely at fault, for refusing to yield the right of way to the Mutual, which tug was or should have been seen on a crossing course and the Easton's starboard bow, 400 feet away.

That this decision was right on the facts found is not denied, but claimant asserts fundamental error in not finding that the collision happened in a fog so dense that the Mutual was not and could not be seen until less than 150 feet away. On such a point as this, we should be very loath to disturb a finding reached after seeing and hearing witnesses; but, even assuming appellant's contention as to the weather conditions, there was plain fault in the Easton. Her captain testified that in thick fog he heard fog signals ahead, or nearly so; he then gave a fog whistle, and, when he "heard it coming a little closer," stopped his boat; then the Mutual "popped right out of the fog; * * * she wasn't over 150 feet away."

This is open admission that the Easton's navigator did not obey article 16 of the Inland Rules and stop his engines when he heard, forward of his beam, the fog signal of a vessel whose position was not ascertained. This action has often been condemned (The St. Louis, 98 Fed. 750, 39 C. C. A. 201; The Delaware, 213 Fed. 214, 129 C. C.

A. 558), and is quite enough to cast the burden of proof on the Easton, to show even contributing fault in the other vessel (The St. Louis, supra). The admitted action or inaction of the Easton is enough to account for the collision; this raises a presumption against her, which is not rebutted in this record. The Newburgh, 130 Fed. 321, 64 C. C. A. 567, and cases cited.

Libelant's damages, as computed by the commissioner, included for loss of use of tug during the repair period $40 a day. We think that amount well supported by the evidence, and the action of the District Court in raising it to $45 was not justified.

Let the decree be modified, by reducing the per diem allowance mentioned to $40, and, as modified, affirmed, with costs. ·

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes